UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00107-GNS

TYLER G. ROBERSON                                                                                   PLAINTIFF

v.

WASTE MANAGEMENT, INC. and
SOUTHERN WASTE SERVICES, LLC                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction (DN 8) filed by Defendant Waste Management, Inc. ("WMI"). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** the motion.

**I.     BACKGROUND**

This action arises from alleged violations of Kentucky worker's compensation law, the Kentucky Civil Rights Act, the Americans with Disabilities Act, Kentucky Wage and Hour Law, and the Fair Labor Standards Act. (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss for Lack of Personal Jurisdiction 1, DN 9 [hereinafter Pl.'s Resp.]). Plaintiff, Tyler G. Roberson ("Roberson") claims that Defendants improperly terminated him due to an injury he sustained on the job and refused to record Roberson's hours for work done before operational hours. (Pl.'s Resp. 4). Plaintiff filed his complaint against Waste Management, Inc. ("WMI") in Logan Circuit Court on June 12, 2015. (Pl.'s Resp. 1). Roberson amended his complaint to include Defendant Southern Waste Services ("SWS") on August 27, 2015. (Pl.'s Resp. 2). SWS is a subsidiary of WMI operating in the state of Kentucky. (Pl.'s Resp. 2). Defendant removed to this

Court on September 10, 2015. (Def.'s Notice of Removal 1, DN 1). WMI filed the motion at issue on September 16, 2015. (Def.'s Mot. to Dismiss , DN 16 [hereinafter Def.'s Mot.]).

## II. STANDARD OF REVIEW

"When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007). "To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal." *Id*. (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)).

## III. DISCUSSION

The Court must determine whether personal jurisdiction exists over a nonresident defendant by applying the law of the state in which it sits. *Third Nat'l Bank v. WEDGE Grp. Inc.*, 882 F.2d. 1087, 1089 (6th Cir. 1989). Until recently, the Kentucky long-arm statute was understood to reach the limit permitted by the Constitution. *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002), *overruled by Caesar's Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). The Kentucky Supreme Court, however, overruled this standard in *Caesar's Riverboat* establishing a two-step analysis to establish jurisdiction. *Caesar's Riverboat*, 336 S.W.3d at 57. "First, review must proceed under KRS 454.210. . . . When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights." *Id*.

2

Defendant incorrectly argues under the overruled standard which finds the Kentucky long-arm statute merges with a due process analysis. (Def's Mot. 5 (citing *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993)). *Caesar's Riverboat* makes jurisdiction more difficult to establish in Kentucky, yet Defendant has opted to argue only under due process rather than the Kentucky long-arm statute. (Def.'s Mot. 5). Regardless, Roberson still fails to establish jurisdiction even under the less strict confines of constitutional due process and therefore would fail to establish jurisdiction under the Kentucky long-arm statute as well.

"The Supreme Court has repeatedly held that if a defendant is not present in the forum state, in order to subject him to an in personam judgment, he must have 'certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Moore*, 2007 WL 2081095, at *2 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The Sixth Circuit has established a three-part test for determining whether personal jurisdiction is consistent with due process. *S. Mach. Co. v. Mohasco*, 401 F.2d. 374, 381 (6th Cir. 1968).

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Id*. Utilizing the three-part test set forth in *Mohasco*, the Court finds that specific jurisdiction does not exist over Defendant WMI.

The first *Mohasco* factor requires that the defendant must have "purposefully avail[ed] itself of the privilege of acting in the forum state or causing a consequence in the forum state." *Id*. In the context of parent companies and subsidiaries, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Motel 6*, 134 F.3d at

3

1274 (citing *Keeton v. Hustler Magazine*, Inc., 465 U.S. 770, 781 n.13 (1984)). Plaintiff must establish that the parent company is being brought into court for its own conduct, not just the conduct of its subsidiary. *Id*. The Court must find some "overt action" connecting the parent company with the forum state, rather than action conducted by the subsidiary. *Moore*, 2007 WL 2081095, at *3 (citing *Motel 6*, 134 F.3d at 1274). An overt act exists when evidence is presented that the parent company "actually controls" the subsidiary. *Id*. Therefore, to establish jurisdiction over a parent through the actions of its subsidiaries, the Court must engage into an inquiry regarding the level of control the parent has over the company.

In *Motel 6*, the court held that the plaintiff failed to show that the defendant parent corporation purposely availed itself of the privilege of conducting activities in Kentucky since the plaintiff failed to "provide any direct evidence of [the parent company]'s involvement in the operation of the [subsidiary]." *Motel 6*, 134 F.3d at 1274. While the plaintiff could establish ownership by defendant, the plaintiff pointed only to vague financial statements and that some managers at the subsidiary formerly worked at the parent company. *Id*. at 1275. The court also indicated, however, that direct evidence of management, consulting, and financial services provided to the subsidiary by the parent and "a network of simultaneous board memberships" supports a finding that the parent controls the subsidiary. *Id*.

Similarly, in *WEDGE*, the Sixth Circuit held that even though the parent corporation never directly conducted business in the forum state, jurisdiction was proper. *WEDGE*, 882 F.2d. at 1090. In *WEDGE*, the parent was the sole owner of the subsidiary, the parent company's officers were directors of the subsidiary, the parent had a tax-sharing agreement with the subsidiary, the parent company participated in negotiations on behalf of the subsidiary, and it

4

deposited funds in the subsidiary's account. These factors in combination were sufficient to establish jurisdiction. *Id*.

In this case, Roberson presents several exhibits which establish that the WMI trade name was used by its subsidiary, SWS, in connection with its employment policies, hiring, earning statements, and phone listing. (Pl.'s Resp. 7-8). The Plaintiff does not, however, establish any overt actions conducted by WMI to establish control over SWS. WMI provided little support to SWS beyond the allowance of the WMI trade name and providing its human resources materials. Plaintiff admits Defendant is a parent of SWS and therefore the sole question is whether WMI provided enough support to plausibly constitute an overt act of control. *See Moore*, 2007 WL 2081095, at *2-3. A subsidiary's use of its parent company's trade name, by itself, is not sufficient to establish personal jurisdiction over the parent company. *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1463 n.5 (Fed. Cir. 1998); *In re Ski Train Fire in Kaprun, Austria*, 230 F. Supp. 2d 403, 411 (S.D.N.Y. 2002); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1301 (S.D. Cal. 2003). Instead, Roberson must show some form of overt act by the parent company to directly control the subsidiary. *Motel 6*, 134 F.3d at 1274. Roberson has failed to do so. Plaintiff presents substantial evidence that SWS, acting under the WASTE MANAGEMENT trade name of its parent holding company WMI, has substantial contacts in the state of Kentucky. (Pl.'s Resp. 2-5). Jurisdiction over SWS, however, is not at issue. Roberson fails to make the important distinction between WMI's actions and those of SWS acting under the WASTE MANAGEMENT trade name. (*See* Pl.'s Resp. 7-8). Plaintiff cannot establish jurisdiction over WMI simply by referring to SWS by the WASTE MANAGEMENT trade name in its briefs and exhibits. Like the plaintiff in *Motel 6*, Roberson has established little more than ownership by WMI and *de minimis* support . *See Motel 6*, 134 F.3d at 1274. WMI does not have

its own employees, does not have any assets beyond the stock of its subsidiaries, nor does it have any control over the operation of Roberson's former work site. (Tippy Decl. ¶¶ 5-8, DN 8-2). Further, the Kentucky phone book listing directs callers to SWS rather than WMI. (Tippy Decl. ¶¶ 5-8).

Roberson repeatedly refers to materials, documents, and listings as belonging to WMI; however, the foregoing analysis reveals these materials in fact were generated by SWS acting under the WASTE MANAGEMENT trade name. Roberson argues that the fact its brochure sent to Kentucky customers regarding payment information not only bears the WASTE MANAGEMENT trade name, but also bears the WMI parent company address in Texas. (Pl.'s Sur-Reply 1-2, DN 11). Plaintiff's argument ignores the key fact that the brochure clearly indicates it is "a sample invoice for solicitation purposes only." (Pl.'s Sur-Reply Ex. A, at 1, DN 11-2).

Roberson makes no claim that payments were ever directly sent to the Texas headquarters by Kentucky customers. Instead, Roberson essentially claims that sample documents sent to SWS customers which happened to bear WMI's address for entirely instructional purposes is sufficient for purposeful availment. The Court rejects this argument. While WMI plausibly produced some of the employment materials utilized by SWS, there is no evidence that WMI had any direct control over any of SWS personnel or facilities. Further, Roberson claims WMI distributed these documents to Kentucky customers, but again provides no evidence to support this assertion beyond the fact the sample brochure happens to bear WMI's Texas address. (Pl.'s Sur-Reply 1-2). Regardless, merely sending employment materials on behalf of WMI's subsidiary is at most a *de minimis* connection which does not constitute an

6

overt act establishing direct control over SWS. *See Motel 6*, 134 F.3d at 1274-75; *Moore*, 2007 WL 2081095, at *2-3.

Roberson provides no evidence beyond the usage of this trade name which supports personal jurisdiction over WMI. The Court finds that use of the WASTE MANAGEMENT trade name alone is insufficient to find WMI purposefully availed itself to Kentucky law. Therefore, WMI's motion to dismiss for lack of jurisdiction must be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Motion to Dismiss for Lack of Personal Jurisdiction (DN 8) filed by Defendant Waste Management, Inc. is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
January 21, 2016

cc: counsel of record